BREAUX, C. J.
In the main the issues in the present case are the same as in *137 State v. L. R. & N. Co. (No. 19,268) 59 South. 39,[1] recently handed down. In both cases the Railroad Commission imposed a fine of $5,000, which the district court in each case reduced to $1,000.
In the present case the defendant appealed, and the cause is before us for decision.
The trains of the respective companies collided with each other at about 10 o’clock in the morning at the crossing of the track of the Baton Rouge and I-Iammond Division of the Yazoo & Mississippi Valley Railroad with the track of the Louisiana Railway & Navigation Company near the city of Baton Rouge. The defendant train was running west from Hammond. It moderated its speed until it almost stopped near the crossing at the 200-foot signal of the road; but it failed at that moment, although it had slowed up its speed, to send a flagman ahead. This is the fault and violation charged against defendant. The applying portion of order 450 issued by the Railroad Commission, in substance, reads as follows:
“Eor the safety of passengers, all trains must-stop not less than two hundred feet from the track of another railroad at grade; if the view is obstructed a flagman is sent ahead to see that the way is clear; if at the crossing the railroad has placed an interlocking device, approved by the Railroad Commission, trains may cross without stopping.”
This is the order that we are called upon to interpret.
There was no interlocking device at the place; therefore, it was incumbent upon the defendant to send a flagman ahead to see if there was obstruction within the intendment of the order. This it had not done. It became necessary to determine if there was obstruction.
In our opinion there was some obstruction. In the cited decision, supra, the nature and extent of that obstruction to the view was considered, and the decision was adverse to defendant. There is no good reason why it should be different in the present case. The trees and plants and other obstructions to the view along the road were about the same on the road at the particular place. The road crossing south (that is, the Louisiana Railway & Navigation Road) and the other going west (i. e., the defendant) passed along very similar bushes and other obstructions to the view at the crossing in question. The fact that there was a collision of itself shows, as we take it, that the line of vision was obstructed at least here and there as frequently is the ease whenever cars run through a section of the country, in which, owing to the fertility of the soil, there are trees and thick undergrowth on part of the way.
There is a slight cut at the place and because of that cut both tracks are lower than the embankment.
There are witnesses who agree in the statement that “a clump of trees and underbrush all along the track” before getting to the crossing prevented them from seeing the track of the road coming from another direction; that these trees were about 20 feet high, high enough to obstruct the view from the passenger train on the I-Iammond and Eastern track. We will not dwell further upon the subject of the obstruction. It was proven in our opinion beyond all doubt.
Learned counsel for the defendant state in their brief that the duty to stop is mandatory, but that the duty to send a flagman ahead is not, that the flagman is to be sent ahead only in the event that the view is -obstructed, and that the statute as it reads leaves the determination of the question of obstruction of the view vel non exclusively to those of the crew on whom it devolves to guard against accidents at crossings.
[1, 2] The order must be reasonably construed, of course. Those in charge cannot be expected to see danger behind every tree and every bush whether it obstructs the view or not. Where, however, as in this *139 case, the weight of the testimony is that the view was completely obstructed and there is a collision (without regard to who is at fault, for that is not a question before us), we cannot hold that there was no occasion for either an interlocked device or a flagman to be sent as before mentioned.
It devolves upon the Railroad Commission to examine into the charge and examine witnesses as upon the court to determine upon the evidence whether a flagman should have been sent. Although there is conflicting testimony, yet it remains that the preponderance was with plaintiff. This was found by the Railroad Commission, also by the district judge, who saw, heard, and observed the witnesses while testifying. We are not convinced that the judgment is erroneous, and that it should be reversed.
There must be uniformity, and the ruling in one case should not vary from the ruling in another case.
Considering the prior cited case and the evidence in the present case, it is ordered, adjudged, and decreed that the judgment be, and it is hereby, affirmed.

Ante, p. 130.